UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | Case No.   16-29401 |
| Hudson, Wanda | § | |
| | § | |
| | § | |
| | § | |
| Debtors(s) | § | |

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that Joseph A. Baldi, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

Clerk of the Court
219 S. Dearborn Street
7th Floor
Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at

10:30 a.m. on Wednesday, January 16, 2019
in Courtroom 744, U.S. Courthouse
219 S. Dearborn St., Chicago, IL 60604

Date Mailed:   12/20/2018                    By :   /s/ Joseph A. Baldi
                                                                Trustee

Joseph A. Baldi
P.O. Box 2399
Glen Ellyn, IL 60138-2399

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No.   16-29401 |
| Hudson, Wanda | § | |
| | § | |
| | § | |
| | § | |
| Debtors(s) | § | |

SUMMARY OF  TRUSTEE'S FINAL REPORT AND
APPLICATION FOR COMPENSATION

The Final Report shows receipts of                                       $                    10,687.50
and approved disbursements of                                        $                     4,000.00
leaving a balance on hand of:                                          $                     6,687.50

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees: Joseph A. Baldi | $        1,418.75 | $        0.00 | $        1,418.75 |
| Trustee, Expenses: Joseph A. Baldi | $        9.00 | $        0.00 | $        9.00 |

Total to be paid for chapter 7 administrative expenses                     $        1,427.75
Remaining Balance                                                    $        5,259.75

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed Priority Claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $33,342.36 have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 15.8 %, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 00001 | American InfoSource LP as agent for | $ 3,041.86 | $ 0.00 | $ 479.86 |
| 00002 | Quantum3 Group LLC as agent for | $ 1,030.67 | $ 0.00 | $ 162.59 |
| 00003 | Quantum3 Group LLC as agent for | $ 1,537.13 | $ 0.00 | $ 242.48 |
| 00004 | Quantum3 Group LLC as agent for | $ 397.50 | $ 0.00 | $ 62.71 |
| 00005 | Quantum3 Group LLC as agent for | $ 1,249.28 | $ 0.00 | $ 197.08 |
| 00006 | CREDIT FIRST NA | $ 1,153.31 | $ 0.00 | $ 181.94 |
| 00007 | Capital One Bank (USA), N.A. by | $ 1,470.15 | $ 0.00 | $ 231.92 |
| 00008 | US DEPT OF EDUCATION CLAIMS | $ 13,930.73 | $ 0.00 | $ 2,197.59 |
| 00009 | US DEPT OF EDUCATION CLAIMS | $ 6,285.47 | $ 0.00 | $ 991.54 |
| 00010 | Department Stores National Bank c/o | $ 987.54 | $ 0.00 | $ 155.79 |
| 00011 | Synchrony Bank c/o PRA Receivables | $ 678.73 | $ 0.00 | $ 107.07 |
| 00012 | Synchrony Bank c/o PRA Receivables | $ 541.55 | $ 0.00 | $ 85.43 |
| 00013 | Synchrony Bank c/o PRA Receivables | $ 454.00 | $ 0.00 | $ 71.62 |
| 00014 | Comenity Capital Bank/Paypal Credit | $ 584.44 | $ 0.00 | $ 92.13 |

Total to be paid to timely general unsecured creditors          $          5,259.75

Remaining Balance          $          0.00

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be  0.0 %, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 %, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By:   /s/ Joseph A. Baldi
                       Trustee

Joseph A. Baldi
P.O. Box 2399
Glen Ellyn, IL 60138-2399

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.